AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched  or identify the person by name and address)* | ) |
| | ) Case No. 21-sc-3370 |
| THE CELL SITE LOCATION DATA FOR ONE AT&T, ONE VERIZON WIRELESS, AND ONE SPRINT CELL PHONE AND SEARCH OF INFORMATION ASSOCIATED WITH THE SAME NUMBERS IN VIOLATION OF 21 U.S.C. § 846 | ) ) ) ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachments A-1, A-2, and A-3, incorporated herein. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A). Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the ___jurisdiction of the___ District of _____Columbia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments B-1, B-2, and B-3, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 and 846 | Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant.  To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the requested warrant will also function as a pen register order. An attorney for the government has certified that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA.  See 18 U.S.C. §§ 3122(b), 3123(b).

❒ Continued on the attached sheet.

❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*David L. Crosby*
_____
*Applicant's  signature*

David L. Crosby, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means).*

Date: _____10/28/2021_____

_____
*Judge's signature*

City and state: __District of Columbia__          G. Michael Harvey, United States Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ❑ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>THE CELL SITE LOCATION DATA FOR ONE AT&T, ONE<br>VERIZON WIRELESS, AND ONE SPRINT CELL PHONE AND<br>SEARCH OF INFORMATION ASSOCIATED WITH THE SAME<br>NUMBERS IN VIOLATION OF 21 U.S.C. § 846 | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  21-sc-3370 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____jurisdiction of the_____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachments A-1, A-2, and A-3, incorporated herein.  This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A).  Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachments B-1,B-2, and B-3, incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before _____November 11, 2021_____ *(not to exceed 14 days)*
❑ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____G. Michael Harvey_____ .
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for _____ days *(not to exceed 30)*  ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:     10/28/2021_____

City and state:     _____District of Columbia_____          _____G. Michael Harvey United States Magistrate Judge_____
*(Judge's signature)*
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  21-sc-3370 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

        I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____

_____

*Executing officer's signature*

_____

*Printed name and title*

## ATTACHMENT A-1

### Property to Be Searched

1. This warrant applies to records and information associated with the cellular device
   assigned to call number: **(202) 230-3023 (the TARGET PHONE NUMBER #1)**, whose
   service provider is AT&T, a wireless telephone service provider headquartered at 11760
   US Hwy 1, Suite 300, North Palm Beach, Florida.

2. Information about the location of **TARGET PHONE NUMBER#1** that is within the
   possession, custody, or control of AT&T.

## <u>ATTACHMENT B-1</u>

**Particular Things to be Seized**

I. **Government procedures for warrant execution**

To the extent that the information described in Attachment A-1 is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose to the government the following information pertaining to the Account/TARGET PHONE NUMBER listed in Attachment A-1:

a. The following information about the customers or subscribers associated with the **TARGET PHONE NUMBER#1** accounts for the time period November 23, 2020 to present.

  i. Names (including subscriber names, user names, and screen names);

  ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii. Local and long distance telephone connection records;

  iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  v. Length of service (including start date) and types of service utilized;

  vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records, and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET PHONE NUMBER/Account, including:

    A. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    B. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

    C. all available per-call measurement data reports, to include LTE, IP session and Data.]

## II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 USC 841(a)(1) or 21 USC 846 involving Andrew Cooper or unidentified subject(s) during the period November 23, 2020 to present..

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section I and will not further review the information absent an

2

order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

## ATTACHMENT A-2

### Property to Be Searched

1.  This warrant applies to records and information associated with the cellular device assigned to call number: **(703) 434-3895 (the TARGET PHONE NUMBER#2)**, whose service provider is Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey.

2.  Information about the location of **TARGET PHONE NUMBER#2** that is within the possession, custody, or control of Verizon Wireless.

## ATTACHMENT B-2

**Particular Things to be Seized**

I.  **Government procedures for warrant execution**

To the extent that the information described in Attachment A-2 is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose to the government the following information pertaining to the Account/TARGET PHONE NUMBER listed in Attachment A-2:

  a.  The following information about the customers or subscribers associated with the **TARGET PHONE NUMBER#2** accounts for the time period November 23, 2020 to present.

  i.  Names (including subscriber names, user names, and screen names);

  ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii.  Local and long distance telephone connection records;

  iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  v.  Length of service (including start date) and types of service utilized;

  vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

    vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records, and

    ix.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET PHONE NUMBER/Account, including:

        A.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

        B.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

        C.  all available per-call measurement data reports, to include LTE, IP session and Data.**]**

## II.  **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 USC 841(a)(1) or 21 USC 846 involving Andrew Cooper or unidentified subject(s) during the period November 23, 2020 to present..

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section I and will not further review the information absent an

order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

## ATTACHMENT A-3

**Property to Be Searched**

1. This warrant applies to records and information associated with the cellular device assigned to call number s: **(571) 282-8664 (the TARGET PHONE NUMBER#3)**, whose service provider is Sprint, a wireless telephone service provider headquartered at 6360 Sprint Parkway, Overland Park, Kansas

2. Information about the location of **TARGET PHONE NUMBER#3** that is within the possession, custody, or control of Sprint.

## **ATTACHMENT B-3**

**Particular Things to be Seized**

I. **Government procedures for warrant execution**

To the extent that the information described in Attachment A-3 is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose to the government the following information pertaining to the Account/TARGET PHONE NUMBER listed in Attachment A-3:

    a. The following information about the customers or subscribers associated with the **TARGET PHONE NUMBER#3** accounts for the time period November 23, 2020 to present.

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records, and

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET PHONE NUMBER/Account, including:

   A.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

   B.   information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

   C.   all available per-call measurement data reports, to include LTE, IP session and Data.]

## II.   Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 USC 841(a)(1) or 21 USC 846 involving Andrew Cooper or unidentified subject(s) during the period November 23, 2020 to present..

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section I and will not further review the information absent an

order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

<table>
<tr>
<td>

**IN THE MATTER OF THE SEARCH OF THE CELL SITE LOCATION DATA FOR ONE AT&T, ONE VERIZON WIRELESS, AND ONE SPRINT CELL PHONE AND SEARCH OF INFORMATION ASSOCIATED WITH THE SAME NUMBERS IN VIOLATION OF 21 U.S.C. § 846**

</td>
<td>

Case No. 21-sc-3370

<u>**Filed Under Seal**</u>

</td>
</tr>
</table>

*Reference:     USAO Ref. # 2021R02689*
*Subject Accounts: (202) 230-3023, (703) 434-3895, and (571) 282-8664*

**AFFIDAVIT IN SUPPORT OF**
<u>**AN APPLICATION FOR A SEARCH WARRANT**</u>

I, David L. Crosby, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41, 18 U.S.C. §§ 2703(a), and 2703(c)(1)(A), and former Chief Judge Hogan's Memorandum Opinion in In the Matter of the Application of the United States for an Order Authorizing Cell Site Data for an AT&T, Verizon Wireless, and Sprint Mobile Cell Phone Number ESN, 2006 WL 6217584 at *4 (D.D.C. 2006) (Hogan, C.J.) ("Hogan Opinion"), for historic location data for the following three phone numbers: TARGET PHONE NUMBER#1, whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 US Hwy 1, Suite 300, North Palm Beach, Florida; 2) TARGET PHONE NUMBER#2, whose service provider is Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey; and 3) TARGET PHONE NUMBER#3 whose service provider is Sprint, a wireless telephone service provider headquartered at 6360 Sprint Parkway, Overland Park, Kansas (collectively, TARGET PHONE

NUMBERS). The TARGET PHONE NUMBERS are further detailed in Attachments B-1, B-2, and B-3.[1] AT&T, Verizon Wireless, and Sprint (collectively, PROVIDERS) are providers of wireless communications services and are providers of electronic communications services, as defined in 18 U.S.C. § 2510(15).

2.      I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. Specifically, I am a Special Agent with the Drug Enforcement Administration, and have been since August 1991. I am presently assigned to the Washington Division Office, Task Force Group 34 of DEA. Since joining DEA, I have participated in numerous investigations of individuals and organizations for violations of the federal narcotics laws. I have attended narcotic schools and seminars held within and outside the Washington metropolitan area relating to narcotics trafficking and the behaviors and methods of traffickers. I have received training in the methods, devices, routines and customs common to persons and organizations which illegally import and distribute controlled substances. As a result of this training and experience, I am familiar with the manner in which controlled substances are imported, manufactured and distributed in the Washington metropolitan area. Moreover, from experience and training, I know that narcotics traffickers use cellular telephones in the belief that by so doing, they can avoid detection by, and thwart the efforts of, law enforcement to identify their activities and seize their drugs and/or assets. I also know that drug traffickers frequently

---

[1] Upon receipt of the information described in Section I of Attachments B-1, B-2, and B-3, government-authorized persons will review the information to locate items described in Section II of Attachments B-1, B-2, and B-3.

have access to several cellular telephones and that they periodically use newly acquired cellular telephones, all in an effort to avoid detection and to thwart law enforcement efforts.

3.      I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include business and bank records and official government records, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein. Because this affidavit is being submitted for the limited purpose of enabling this Court to make a judicial determination of probable cause to issue a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the legal basis for the issuance of a search warrant.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841 and 846 have been committed, are being committed, and will be committed by Andrew Cooper and other co-conspirators. There also probable cause to believe that the location information described in Attachments B-1, B-2, and B-3 will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses, as well as evidence of where the phones are currently located, and there is probable cause to believe the phones are instrumentalities of the offenses described herein.

5.      The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated; *see* 18 U.S.C. §

2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237.

**PROBABLE CAUSE**

6.      On February 16, 2021, Fairfax County Police responded to a fatal overdose scene in Fairfax County, Virginia involving Victim #1. The Virginia Office of the Chief Medical Examiner has determined that Victim #1 died of "Acute Fentanyl Intoxication." From the scene of the overdose, evidence was collected that was consistent with the use of illegal substances by Victim #1. While on scene, Fairfax County Detectives were able to speak with Witness #1. Witness #1 stated that IT and Victim #1 had been using an illegal substance for several days, but would not provide information regarding where it came from.   Victim #1 had just arrived in Northern Virginia and Witness #1 was allowing Victim #1 to stay with IT since Thursday, February 11, 2021 after picking Victim #1 up from Regan National Airport.   Fairfax County Detectives were able to access Victim #1's phone (**TARGET PHONE NUMBER #3**) while on scene and there was no evidence that would indicate he facilitated a drug transaction.

7.      Fairfax County Detectives were able to access the phone of Witness #1 (**TARGET PHONE NUMBER #2**) following IT's consent and detectives were able to see evidence that would be consistent with a drug transaction. Detectives spoke to Witness #1 regarding IT's phone and IT consented to the downloading of the content.   Detectives were able to view text messages between Witness #1 and an individual at the number of (202) 230-3023 **(TARGET PHONE NUMBER #1)** who Witness #1 identified, in IT's contacts as "Toenew". A portion of the text messages from the Thursday, February 11th (when Witness #1 picked up Victim #1 from Reagan Airport) to the date police were called to the overdose scene on February 16th are as follows:

*8.*     On February 11, 2021, Witness #1 sent an SMS/Text Message, over **TARGET PHONE NUMBER #2**, to "Toenew", at **TARGET PHONE NUMBER #1** stating, "You out there."  A response was received stating, "Yea."  Witness #1 then sent an SMS/Text Message stating, "Will you take a visa gift card."  A response was received stating, "Nope."  Witness #1 then sent an SMS/Text Message stating, "Im getting case Ill be there in 45…Almost there 40 up 20 white…Im here…You out there?  Im picking up [Victim #1] from airport now then coming to see you.  I'd be there in 30-45. Is that cool."  A response was received stating, "ok."  Witness #1 later sent an SMS/Text Message stating, "Pulling up 80 white 60 up."

9.     On February 12, 2021, Witness #1 sent an SMS/Text Message to "Toenew" stating, "You out there."  A response was received stating, "Yea."  Witness #1 then sent an SMS/Text Message stating, "About to pull up 100 white 50 up."

10.     On February 13, 2021, Witness #1 sent an SMS/Text Message to "Toenew" stating, "You out there…We heading to you now."  A response was received stating, "ok."  Witness #1 then sent an SMS/Text Message stating, "Almost there 100 down 50 up."

11.     On February 14, 2021, Witness #1 sent an SMS/Text Message to "Toenew" stating, "You out there."  A response was received stating, "yea."  Witness #1 then sent an SMS/Text Message stating, "We on the way…Almost there 100 white 20 up…We here."

12.     On February 16, 2021, Witness #1 sent an SMS/Text Message to "Toenew" stating, "You out there…Almost there 30 up 20 white…I'm here."  A response was received stating, "Okay."

*13.*    Your affiant knows from his training and experience that these conversations are typical of a drug user contacting a drug supplier to purchase drugs.  References to "white" or "down" are believed to be a reference to Fentanyl or heroin and "up" is reference to Cocaine.

*14.*    In addition to the above texts, Detectives were able to see, that Witness #1 coordinated to purchase suspected illegal substances from the individual associated **with TARGET PHONE NUMBER #1**, at least 50 times from November 23, 2020 to February 11, 2021. The communication between Witness #1 and the individual associated with the above listed phone was similar in nature to the texts listed above.

*15.*    Fairfax County Police Detectives have been able to identify the user of **TARGET PHONE NUMBER #1** as Andrew Cooper of 1942 Capitol Ave, NE, Washington DC and learned that Cooper uses the nickname "Tonto," which is sometimes written as "Toe".  Fairfax County Undercover Detectives have since made several undercover purchases of Fentanyl directly from Cooper from August 9th to September 20th, 2021. All of these purchases took place in the area of 1942 Capitol Ave, NE, Washington DC.

16.    Your affiant believes, based the proceeding paragraphs that probable cause exists that Andrew Cooper is distributing Fentanyl, which was being purchased by Witness #1 and Victim #1, which subsequently caused the death of Victim #1.  Your affiant believes that PROVIDERS are in possession of location information for Cooper, Witness #1, and Victim #1, which will further demonstrate that Witness #1 and Victim #1 were traveling to 1942 Capitol Ave, NE, Washington DC and meeting with Cooper to purchase narcotics.

## BACKGROUND ON CELL-SITE DATA AND LOCATION INFORMATION

17.      In my training and experience, I have learned that PROVIDER(s) is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or "cell tower/sector records."   E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

18.      Based on my training and experience, I know that PROVIDER(s) can collect cell-site data about the **TARGET PHONE NUMBER#1**, **TARGET PHONE NUMBER#2** and **TARGET PHONE NUMBER#3**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as PROVIDER(s) typically collect and

retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

19.     Based on my training and experience, I know that wireless providers such as PROVIDER(s) typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as PROVIDER(s) typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the TARGET PHONE NUMBERS user or users.

## AUTHORIZATION REQUEST

20.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21.     Because the warrant will be served on PROVIDER(s), who will then compile the requested records at a time convenient to it, good cause exists under Rule 41 to permit the execution of the requested warrant at any time in the day or night. Further, pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## CONCLUSION

22.     I submit that this affidavit supports probable cause for a warrant to collect the requested information about the location of **TARGET PHONE NUMBER#1**, **TARGET PHONE NUMBER#2,** and **TARGET PHONE NUMBER #3** as described in Attachments A-1, A-2, and A-3, and to seize the evidence described in Attachments B-1, B-2, and B-3.

Respectfully submitted,

*David L. Crosby*

David L. Crosby
Special Agent
Drug Enforcement Administration

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on October 28, 2021.

HONORABLE JUDGE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

**Attorney Certification Under 18 U.S.C. §§ 3121-3127**

To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant applied for herein will also function as a pen register order. I, an attorney for the Government, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA and USPIS. *See* 18 U.S.C. §§ 3122(b), 3123(b).

 */s/ David T. Henek*

David T. Henek
Assistant United States Attorney
District of Columbia